# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| MARIO PEREZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. EP-10-CV-00217-RFC |
| | ) | (by consent) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action seeks judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On July 18, 2006, Plaintiff filed his applications for benefits alleging disability due to impairments that became disabling on May 30, 2006. (R:108-115)[1] The applications were denied initially and on reconsideration. (R:48-51, 55-70) Pursuant to Plaintiff's request, an Administrative

---

[1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the transcript of the record of administrative proceedings filed in this case, (Doc. 21), is designated by "(R:[page number(s)])".

Law Judge (ALJ) held a hearing to review his applications *de novo* on June 18, 2008, at which Plaintiff, with the aid of a translator, and a vocational expert testified. (R:22-47) The ALJ issued his decision on November 14, 2008, denying benefits at step four of the sequential evaluation process. (R:7-21) Plaintiff's request for review was denied by the Appeals Council on April 9, 2010. (R:1-4)

On June 11, 2010, Plaintiff submitted his complaint with a motion to proceed *in forma pauperis*. (Doc. 1) Plaintiff's motion was granted, and the complaint was filed. (Docs. 2-3) The Commissioner filed an answer on August 26, 2010; a certified copy of the transcript of the administrative proceedings was received on August 27, 2010. (Docs. 16, 21) On December 10, 2010, Plaintiff filed his brief in support of his complaint. (Doc. 32) On December 30, 2010, the Commissioner filed his brief in support of the decision to deny benefits. (Doc. 33)[2]

## ISSUE

Plaintiff claims that the ALJ erred in finding that Plaintiff can perform his past relevant work. (Doc. 32:2).

## DISCUSSION

*A.     Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the

---

[2] This cause was initially referred and then reassigned by United States District Court Judge Kathleen Cardone to then Magistrate Judge Margaret F. Leachman. (Docs. 1, 18) It was then transferred to Magistrate Judge Norbert J. Garney. (Doc. 26) Finally, it was transferred to this Court on April 4, 2011. (Doc. 34) The parties were ordered to file a new notice of consent or non-consent to Magistrate Judge jurisdiction on April 7, 2011, and both parties entered notices consenting to this Court deciding the appeal. (Docs. 35-37)

Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, the Court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial-evidence standard, the court must carefully examine the entire record, but may not re-weigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B.    *Evaluation Process***

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates

disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what that person can still do despite the individual's limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving disability for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

## C.     *The ALJ's Decision*

First, the ALJ found that Plaintiff met the insured status requirements through June 30, 2011. (R:15) Next, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 30, 2006. (*Id*.) At the second step, the ALJ found that Plaintiff had severe impairments of "chronic abdominal pain of uncertain etiology; gastritis; hyperlipidemia; wrist and knee arthralgia, probably osteoarthritis; and lower back pain, not otherwise specified." (*Id*.) The ALJ determined that Plaintiff's mood disorder due to a general medical condition was non-severe. (R:16)

The ALJ found, at step three, that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R:17)

The ALJ found that Plaintiff had the RFC to perform medium work except that he can never climb ladders, ropes, or scaffolds, cannot be around hazards such as dangerous machinery or unprotected heights, and must be allowed brief access to a bathroom every four hours during a workday in addition to normal breaks. (R:17-20)

At step four, based on the RFC assessed, the ALJ found that Plaintiff was capable of performing past relevant work as a janitor and as a forklift operator. (R:20) Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act from May 30, 2006, to the date of the ALJ's decision. (R:20)

### D. Analysis

Plaintiff claims that the ALJ erred in finding that Plaintiff could perform his past relevant work as a forklift operator and as a janitor. (Doc. 32:3-6) Plaintiff asserts that the ALJ relied on erroneous vocational-expert testimony and that the ultimate determination is therefore not supported by substantial evidence. (Doc. 32:6)

First, Plaintiff contends that the vocational expert's testimony that Plaintiff could perform his previous work as a forklift operator despite the ALJ's RFC finding that Plaintiff could not work around hazards ". . . being defined as dangerous machines or unprotected heights" was erroneous (Doc. 32:3-4; R:17, 41-42) Plaintiff asserts that a forklift is by its very nature a dangerous machine. (Doc. 32:4) Thus, the ALJ's finding that Plaintiff could perform this job is not supported by substantial evidence. (*Id*.) The Commissioner does not address this argument, except to state that Plaintiff may be correct on this point. (Doc. 33:6)

5

Second, Plaintiff argues that the vocational expert's testimony, upon which the ALJ relied, cannot constitute substantial evidence to support the ALJ's determination that Plaintiff could perform his past work as a janitor. (Doc. 32:4) Plaintiff contends the expert's testimony that Plaintiff's past work as a janitor required a special vocational preparation "SVP" of two was incorrect because the Dictionary of Occupational Titles "DOT" identifies the job of janitor as requiring an SVP of three. (Doc. 32:5) Further, Plaintiff avers that the DOT identifies the job of janitor as requiring a language level of three and the ability to write reports and essays with proper format, punctuation, spelling, and grammar, using all parts of speech. (Doc. 32:5 (citing DOT Listing 382.644-010 (sic))) Plaintiff contends that the hypothetical posed to the vocational expert did not include Plaintiff's limited ability to read, write, and speak English, as Plaintiff testified through an interpreter that he reads, writes, and speaks "very little" English. (Doc. 32:4-5; R:27, 41-42) Plaintiff cites *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994), for the proposition that to provide substantial support for a finding of nondisability, the expert's testimony must respond to a hypothetical question including all limitations supported by the record. (Doc. 32:4) Plaintiff asserts that had Plaintiff's language limitation been submitted to the vocational expert, the expert would have concluded that Plaintiff could not perform the job of janitor. (Doc. 32:5)

The Commissioner responds to Plaintiff's second contention with three arguments. First, the Commissioner argues that the evidence in the record is not clear regarding Plaintiff's level of English proficiency. (Doc. 33: 5) At the hearing, Plaintiff testified through an interpreter that he could read, write, and speak "very little" English. (R:27) When he earlier completed his "Disability Report" Plaintiff indicated that he could "speak and understand English," "read and understand English," and

write more than [his] name in English." (R:145) Plaintiff entered into a "Social Security Employment Contract" with his attorney that was written in English. (R:52) The Commissioner contends that there was substantial evidence to support the ALJ not including significant language barriers and that it is the ALJ's responsibility to resolve conflicting evidence. (Doc. 33:5 (citing *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981)).

The ALJ did not enter a finding as to Plaintiff's level of English Proficiency. This is significant because in *Bowling*, the Fifth Circuit required only that the hypothetical posed to the expert reasonably incorporate all disabilities recognized by the ALJ, not all limitations supported in the record, as Plaintiff suggests. *Bowling v. Shalala*, 36 F.3d at 436. The Fifth Circuit also required that the claimant have an opportunity to correct any deficiencies in the hypothetical by suggesting to the expert such defects including additional limitations. *Id*. Thus, it is also significant that Plaintiff was represented by an attorney at this hearing who had the opportunity to—and actually did—question the vocational expert and did not examine the expert regarding the effect, if any, Plaintiff's limited English proficiency would have on his ability to perform the tasks required for a janitor. (R:45)

Second, the Commissioner argues that the vocational expert was referring to an "unskilled" janitor position, DOT 381.687-018, with only a Level-two language requirement, not the semi-skilled janitor position described in DOT 382.664-010, to which the Commissioner assumes Plaintiff refers, with a Level-three language requirement. (Doc. 33:5-6 n. 2)

The expert did not identify the position to which he referred by DOT number. (R:41) DOT 382.664-010 does describe the occupation of janitor, with alternate titles such as maintenance engineer and building superintendent. DOT 381.687-018 is an industrial cleaner, with alternative

7

titles including "janitor." The Court notes that the expert could also have been referring to DOT 381.687-014, titled Cleaner, Commercial or Institutional, also with alternative titles including "janitor," with an SVP of two and a language level of one, requiring Plaintiff to recognize the meaning of only 2,500 words, print single sentences, and speak simple sentences, using normal word order and present and past tenses. Again, Plaintiff's attorney had an opportunity to cross-examine and clarify the expert's testimony and did not seek to identify to which position the expert referred. (R:45)

Third, the Commissioner argues that the vocational expert and the ALJ were able to consider that Plaintiff had actually performed the duties of janitor for several years with whatever language proficiency he possessed. (Doc. 33:6) *Bowling* involved a case where disability was denied at step five, such that consideration of past performance of the position was not involved. *See Bowling v. Shalala*, 36 F.3d at 436.

Plaintiff had performed janitorial work for one company for a year-and-a-half, and for another company for three months. (R:28) In detailing what work he did in these jobs, Plaintiff said he would clean factories, machinery, bathrooms, offices, sweep, mop, vacuum, and clean windows, but did not have to do any writing, complete any reports, or perform any similar duties. (R:174) He also stated that the heaviest weight he was required to lift in that position was less than ten pounds. (*Id*.) Plaintiff never alleged, and the record provides no basis to support a finding, that Plaintiff's language skills deteriorated from the time he previously performed work as a janitor.

For all these reasons, even assuming, *arguendo*, that the ALJ erred by failing to articulate Plaintiff's level of language proficiency in the hypothetical question, there is no basis to conclude that had the ALJ done so, the vocational expert would have testified that such hypothetical person

8

could not perform the job requirements of janitor. (*Id*.) Plaintiff fails to show that the ALJ's hypothetical question lacking a language limitation at step four resulted in any prejudice to him. He is not entitled to reversal. Remand is not required where the substantial rights of a party have not been affected. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The ALJ's determination that Plaintiff is not disabled, because he can still perform his prior work as a janitor, is supported by substantial evidence. Thus, the decision denying benefits is affirmed.

## **CONCLUSION**

The Court concludes that any deviation from the relevant legal standards was harmless and the ALJ's decision is supported by substantial evidence. Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED**.

**SIGNED** and **ENTERED** on August 16, 2011.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE